UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ALEXANDER BUTKO, individually and as parent and
natural guardian of S.B., an infant,

                    Plaintiff,

        -against-

CHIPOTLE MEXICAN GRILL, INC.; and ANTHONY
MEDLEY,

                    Defendants.
-------------------------------------------------------------------X

**ORDER**

**18-CV-536 (NGG) (RLM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff alleges that his child, S.B., was attacked by Defendant at a Chipotle Mexican Grill, Inc. ("Chipotle") location in Brooklyn. (See Compl. (Dkt. 1 at ECF p.9).) Plaintiff initially filed this suit in the Supreme Court of the State of New York, Kings County, naming as defendants Chipotle and one John Doe. (Id.) Chipotle then removed the case to federal court, invoking this court's diversity jurisdiction. (Notice of Removal (Dkt. 1 at ECF p.1).)

Chipotle's removal of this case to federal court was proper. Both when the complaint was filed and when the case was removed, Plaintiff was a citizen of New Jersey (Compl. ¶ 8) and was suing both on his own behalf and on behalf of his minor child, a resident of New York (id. ¶ 9). For purposes of diversity jurisdiction, Plaintiff was therefore a citizen of both New Jersey and New York. See 28 U.S.C. § 1332(c)(2) (stating that "the legal representative of an infant . . . shall be deemed to be a citizen only of the same State as the infant"); Shuler v. EmeriCare Inc., No. 17-CV-2684 (JAK), 2017 WL 3193647, at *3 (C.D. Cal. July 27, 2017) (holding that, because the plaintiff was suing both individually and on behalf of an estate, it was proper to consider her citizenship as well as that of the decedent); D'Addario v. D'Addario, No. 16-CV-99

1

(JBA), 2017 WL 1086772, at *20 (D. Conn. Mar. 22, 2017) (same). Defendant Chipotle was incorporated in Delaware and had its "principal place of business" in Colorado. See 28 U.S.C. § 1332(c)(1); Portillo v. Chipotle Mexican Grill, Inc., No. 17-CV-1497, 2018 WL 637386, at *2-3 (C.D. Cal. Jan. 31, 2018); Patterson v. Chipotle Mexican Grill, Inc., No. 12-CV-2872, 2012 WL 6733085, at *1 (N.D. Ohio Dec. 28, 2012). The citizenship of the John Doe defendant was irrelevant, because defendants sued under fictitious names are disregarded when determining whether a civil action is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

Plaintiff thereafter filed an amended complaint substituting Defendant Anthony Medley for the John Doe defendant named in the initial complaint. (Am. Compl. (Dkt. 14).) Plaintiff had already given the court notice that the joinder of this defendant would "most certainly break complete diversity of . . . the parties, because upon Plaintiff's belief and knowledge, [Medley] is a citizen of the State of New York, same as the infant defendant." (Pl. Pre-Mot. Conf. Appl. (Dkt. 11) at 1.) The parties thereafter informed the court of their agreement that the matter should be remanded to state court "based on the lack of diversity jurisdiction" (Joint Status Letter (Dkt. 15)) and filed joint stipulations to remand the case (Joint Stip. of Dismissal (Dkts. 16, 18)).

The court agrees that this case should be remanded to state court. For purposes of determining diversity jurisdiction, Plaintiff is a citizen of New York insofar as he asserts claims on behalf of S.B. See 28 U.S.C. § 1332(c)(2). Plaintiff and Chipotle agree that Medley is a citizen of New York as well, and nothing in the record suggests that he is not. (Pl. Pre-Motion Conf. Appl. at 1; Joint Status Ltr. (Dkt. 15); see also Aff. of Service (Dkt. 17) (stating that Plaintiff served a copy of the amended complaint on Medley's co-tenant at Medley's place of residence in New York).) The presence of opposing parties who are both citizens of New York

destroys complete diversity, which is the only suggested basis for federal jurisdiction over this action. See 28 U.S.C. § 1331. And when "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may . . . permit joinder and remand the action to the State court." Id. § 1447(e). The record contains nothing to suggest that substituting Medley—who is alleged to be the individual actually responsible for assaulting S.B. (Am. Compl. ¶ 11), and from whom Plaintiff seeks damages for assault and battery (id. ¶¶ 19-21)—for the John Doe defendant was improper. See McGee v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 2d 258, 261-65 (E.D.N.Y. 2009) (stating a two-part test for determining whether to dismiss under Rule 21 of the Federal Rules of Civil Procedure non-diverse defendants added after a case is removed to federal court).

Accordingly, the parties' joint motion to remand this case to the Supreme Court of the State of New York, Kings County (Case Number 524274/2017) is GRANTED. See Herrero v. Sears, Roebuck & Co., No. 15-CV-2162, 2015 WL 6159141, at *4-6 (E.D. La. Oct. 20, 2015) (granting a motion to remand a case in which plaintiffs substituted a non-diverse defendant for a John Doe defendant).

SO ORDERED.

Dated: Brooklyn, New York
April 12, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3